IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| John E. Rouse, | ) | Case No. 8:20-cv-02845-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Jeff Johnson and James Kaun, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's complaint and amended complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ECF Nos. 1, 9, 12. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On January 4, 2021, Defendant Johnson filed a motion for summary judgment. ECF Nos. 29–31. Plaintiff filed a response in opposition. ECF No. 39. On February 28, 2021, Plaintiff filed a motion to dismiss Defendant James Carnes[1] and a motion to appoint counsel. ECF Nos. 45, 46.

On March 12, 2021, the Magistrate Judge issued a Report recommending that the motion for summary judgment be granted, the motion to dismiss be construed as a notice of voluntary dismissal and found as moot, and the motion to appoint counsel be denied.

---

[1] In the motion, Plaintiff clarifies that he misidentified Defendant James Carnes as James Kaun in his amended complaint. ECF No. 45.

ECF No. 48.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff filed objections.  ECF No. 51.

## **APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge included a thorough summary of the relevant facts and applicable law, which the Court incorporates by reference.  Briefly, Plaintiff brings this action alleging that the water at the Florence County Detention Center was contaminated and he has suffered injuries as a result.  ECF Nos. 1, 9, 12.  Because Plaintiff filed objections, the Court has conducted a de novo review of the record, the applicable, law, and the Report.

Plaintiff has not objected to the Magistrate Judge's recommendations that Plaintiff's motion to dismiss be construed as a notice of voluntary dismissal and found as moot and that his motion to appoint counsel be denied. Nevertheless, as noted above and out of an abundance of caution for a pro se Plaintiff, the Court has conducted a de novo review of the filings in this case and the applicable law. Upon such review, the Court agrees with the recommendation of the Magistrate Judge. Accordingly, Plaintiff's motion to dismiss is construed as a notice of voluntary dismissal; the motion to dismiss is found as moot. Plaintiff's motion to appoint counsel is denied.

The Magistrate Judge recommends that the motion for summary judgment be granted because Plaintiff has failed to establish a causal connection between his medical issues and the Florence County Detention Center's water quality. In Plaintiff's objections, he asserts that he is still "being treated for gastrointestinal, skin and nail fungus, cause[d] by cyano-bacteria algae." ECF No. 51. He contends that there was a relevant newspaper article published by the *State Newspaper*. *Id.* He further states that he submitted samples of the contaminated water to this Court. *Id.*; *see also*, ECF Nos. 1-3, 1-4.

Upon review, the Court agrees with the recommendation of the Magistrate Judge. Plaintiff's unsubstantiated opinions as a layperson with respect to the existence of his claimed medical issues and their causal relation to the conditions of his confinement are insufficient to preclude summary judgment. *See Pearson v. Ramos*, 237 F.3d 881, 886 (7th Cir. 2001); *Hinton v. McCabe*, No. 3:16-cv-00222, 2018 WL 4762118, at *3 (E.D. Va. Oct. 2, 2018), *aff'd* 797 F. App'x 109 (4th Cir. 2020) (holding that prisoner plaintiff was "not competent to testify about the cause of a medical condition as he [wa]s not a medical

3

expert"); *Rouse v. Clarey*, No. 4:14-cv-00726-JMC, 2015 WL 3903722, at *8 (D.S.C. June 15, 2015) (granting summary judgment on a conditions of confinement claim in part because although the plaintiff "alleged that the mold ma[de] him sick," he did not "provide[] any evidence to support his allegations"). Accordingly, as Plaintiff has failed to create a genuine issue of material fact, Defendant Johnson's motion for summary judgment is granted.

## CONCLUSION

Based on the foregoing, the Court agrees with the recommendation of the Magistrate Judge. The motion for summary judgment [29] is **GRANTED**; the motion to dismiss [45] is construed as a notice of voluntary dismissal of James Carnes[2] and **FOUND as MOOT**; and the motion to appoint counsel [46] is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 30, 2021
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] Defendant James Carnes is dismissed without prejudice.

4